IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jacob Leon Mitchell, )<br>  Petitioner, )<br> )<br>v. )<br> )<br>Commonwealth, )<br>  Respondent. ) | 1:15cv592 (TSE/TCB) |

## MEMORANDUM OPINION

Jacob Leon Mitchell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of murder, burglary and other offenses in the Williamsburg / James City County Circuit Court. By Order dated May 7, 2015, petitioner was directed either to pay the statutory filing fee of $5.00 for this action or to apply to proceed in forma pauperis. Petitioner has complied with those instructions, and based upon financial information received from his correctional institution, petitioner's Motion for Leave to Proceed in forma pauperis will be granted. The May 7 Order also pointed out that the petition appeared to be barred by the statute of limitations set out at 28 U.S.C. § 2254(d), and petitioner was allowed thirty (30) days within which to contest the applicability of the statute of limitations or to establish entitlement to equitable tolling. Petitioner submitted a response on June 5, 2015, which has been docketed as a letter to the court. Dkt. 7. After careful consideration, the petition must be dismissed as time-barred.

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4)

the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Here, petitioner was sentenced to life in prison plus nineteen (19) years on August 6, 1998, following his conviction by a jury of multiple offenses. Pet. at 1 - 2. Petitioner filed a direct appeal in the Virginia Court of Appeals, and the Case Information Website of the Virginia Courts reveals that the petition for appeal was denied on April 21, 1999. Case No. 1862-98-1. Petitioner states, and the aforementioned website confirms, that he did not seek further review by the Supreme Court of Virginia. Therefore, petitioner's conviction became final thirty (30) days after the Court of Appeals issued its opinion, when the time for noticing an appeal to the Supreme Court of Virginia expired. See Va. Sup. Ct. R. 5A:6(a). Thus, the one-year § 2254(d) limitations period began to run on May 21, 1999.

In calculating the limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner filed no state collateral proceedings. Pet. at 4. He filed a petition for § 2254 relief in this district in 2005, but petitions for federal habeas corpus relief do not toll the running of the § 2244(d) limitations period. See Duncan v. Walker, 533 U.S. 167, 172 (2001).[1] Therefore, the limitations period ran unchecked from May 21, 1999, the date the convictions at issue became final, until this federal

---

[1] Because the 2005 petition was dismissed without prejudice for lack of exhaustion, the instant petition is not successive. Slack v. McDaniel, 529 U.S. 473 (2000).

2

petition was filed on April 19, 2015.[2] The instant petition thus was filed approximately fifteen (15) years beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

In his first response to the Order of May 7, 2015, petitioner states that DNA and forensic evidence show that he is innocent of the charges he faced. Dkt. 4. Petitioner's lawyer "did the appeal by himself, without" petitioner. In addition, petitioner told counsel that he wanted to testify, but counsel "quit [the] case." Id. Several of the prosecution witnesses against him lacked credibility because they had felony charges. Id. In addition, no DNA or fingerprint evidence at the crime scene pointed to petitioner as the assailant. Id. In his second response filed on June 5, 2015, petitioner reiterates that the trial evidence was insufficient to support his conviction, because no DNA matches were found on the handgun, the doors or windows, or any items in the apartment. Dkt. 7 at 1. In addition, petitioner reasserts that he wanted to testify to "clear [his] name," but his first attorney advised against it and then "quit [the] case." Id. The second lawyer appointed to represent petitioner provided ineffective assistance by failing to seek a pretrial hearing concerning prosecution witnesses' felony convictions, and the tape of petitioner's interview by detectives was "half erased" and "the sound wasn't very good." Id. at 2.

Although petitioner uses neither term, the Court in deference to his pro se status will construe petitioner's arguments as seeking equitable tolling of the limitations period and claiming actual innocence of the crimes of which he stands convicted. The United States

---

[2] For federal purposes, a pleading submitted by an incarcerated pro se litigant deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Pet. at 16.

Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Here, petitioner's allegations of error prior to and during his trial satisfy none of these criteria, and because he fails to demonstrate any meritorious grounds for such relief, he is not entitled to equitable tolling of the limitations period.

In McQuiggin v. Perkins, 569 U.S. ___ , 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. However, as with an actual innocence claim in the context of other procedural defaults, the

exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Here, petitioner relies entirely on circumstances that occurred before and during trial, and he points to no new evidence to suggest that he is actually innocent of the crimes of which he stands convicted. Accordingly, the McQuiggin exception does not apply in this case. See U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice).

For the foregoing reasons, the petition must be dismissed, with prejudice, as time-barred. An appropriate Order shall issue.

Entered this ___12___ day of ___June___ 2015.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge